**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC CITY PROPERTIES, INC.<br><br>           Plaintiff,<br><br>    v.<br><br>ANGEL ESCAMILLA, *et al.*,<br><br>           Defendants. | Case No. SA CV 16-2029 JVS (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

     The Court will summarily remand this unlawful detainer action to state court because Defendants removed it improperly.

    On November 8, 2016, Angel Escamilla and Gloria Escamilla ("Defendants"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented requests to proceed *in forma pauperis* ("Request"). [Dkt. Nos. 1, 3, 4, 5, 6.] On November 9, 2016, Pacific City Properties, Inc. ("Plaintiff") filed a motion to remand ("Motion"). The Court has denied Defendants' Request under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1

1 Simply stated, Plaintiff could not have brought this action in federal court in the
2 first place, and so removal is improper. Notably, even if complete diversity of
3 citizenship exists, Defendants cannot properly remove the action because Defendants
4 reside in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

5 Nor does Plaintiff's unlawful detainer proceeding raise any federal legal
6 question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint
7 rule," federal-question jurisdiction exists "only when a federal question is presented on
8 the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*,
9 482 U.S. 386, 392 (1987). Here, Plaintiff's underlying complaint asserts a cause of
10 action for unlawful detainer. [*See* Dkt. No. 1 at 5-8.] "Unlawful detainer is an
11 exclusively state law claim that does not require the resolution of any substantial
12 question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2
13 (C.D. Cal. Oct. 17, 2013). In the Notice, Defendants assert, in conclusory fashion, that
14 "[f]ederal question exists because [Defendants'] Answer . . . depend[s] on the
15 determination of Defendants' rights and Plaintiff's duties under federal law." [Dkt.
16 No. 1 at 2.] However, Defendants fail to allege that any federal law appears on the
17 face of Plaintiff's well-pleaded complaint. (*See generally* Notice); *see also Caterpillar*,
18 482 U.S. at 392. Thus, there is no basis for federal-question jurisdiction. *See*
19 *Caterpillar*, 482 U.S. at 392.

20 Thus, there is no basis for federal-question jurisdiction. *See Caterpillar*, 482
21 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-
22 question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on
23 "an actual or anticipated counterclaim").

24

25 //

26

27 //

28

Accordingly, IT IS ORDERED that: (1) Plaintiff's Motion be GRANTED[1]; (2) this matter be REMANDED to the Superior Court of California, County of Orange, Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (3) the Clerk send a certified copy of this Order to the state court; and (4) the Clerk serve copies of this Order on the parties.

DATED: November 12, 2016

HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] Accordingly, Plaintiff's "Ex-Parte Application to Shorten Time on Plaintiff's Motion to Remand This Case to State Court," [Dkt. No. 9], is DENIED AS MOOT.

3